ON REHEARING GRANTED
LOBRANO, Judge.
We granted rehearing in this matter to reconsider our original holding that Schwegmann’s unlit loading dock was the cause in fact of Glynn’s injuries. Schweg-mann argues we erred in concluding that Glynn was injured either when the rack fell or when he attempted to upright it. It also asserts our “but for” analysis is overly simplistic and inadequate.
We need not reiterate the facts of this case as they are adequately set forth in our original opinion. Initially we note that in our original opinion we implied that it made no difference whether Glynn injured his back when the rack fell or when he was attempting to raise it. This was error. The evidence, particularly Savarino’s testimony and Dr. Mimeles’ deposition,[1] clearly preponderates in favor of the conclusion that Glynn injured his back while attempting to upright the bread rack. There is no evidence to suggest a contrary conclusion.
Having made that determination, we reanalyze the cause-in-fact holding of our original opinion. Particularly, the issue is whether Schwegmann’s failure to turn on the lights in the loading area encompassed the risk that Glynn would unload in another area, that the bread rack would topple over and that Glynn would injure himself in attempting to raise it.
“The most exasperating and elusive torts problem that a judge must face is the task of determining how far legal protection should extend. Rules are essentially condemned. Reasoned and careful analysis is preferred.” Foster v. Lafayette Insurance Company, 504 So.2d 82, 85 (La.App. 2d Cir.1987) writ denied, 505 So.2d 61.
The above statement by our brethren of the Second Circuit sums up the basis of our error in the original holding. Our “but for” rationale simply stopped short of a reasoned analysis. “A particular unforeseeable risk may be included [within the scope of a duty] if the injury is easily associated with the rule relied on and with other risks of the same type that are foreseeable and clearly within the ambit of protection.” Forest v. State, thru La. Dept. of Transportation, 493 So.2d 563 (La.1986) at 570. Thus merely because a defendant’s conduct may have been a cause of plaintiff’s injury, the law must place some reasonable limit to the scope of protection envisioned by defendant’s conduct. LeJeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). Thus in order to properly determine a defendant’s liability, we need to consider, not only the cause of injury, but whether the duty breached by a defendant reasonably encompassed this injury.
In making our analysis we consider the ease with which we can associate the duty owed and the risk encountered, whether the breached duty was a substantial cause, and whether the risk is reasonably foreseeable. We also consider “other risks” that may be within the ambit of foreseeability. See, Sibley v. Gifford Hill and Co. Inc., 475 So.2d 315 (La.1985); Dunne v. Orleans Parish School Board, 463 So.2d 1267 (La.1985); Carter v. City Parish Government, 423 So.2d 1080 (La.1982).
It is undisputed that Schwegmann failed to turn on the lights of the loading dock. Glynn parked his truck in a nearby lighted parking lot in order to unload the bread from his truck. The “easy” risks associated with the unlit loading dock would be an injury sustained on the dock itself, or if Glynn had hit something on the darkened dock. However, the harm which befell Glynn, in our opinion, is not easily associated with the unlit dock. A mere *14 “but for” rationale is not enough. We cannot say that it would be reasonable for Schwegmann to foresee the chain of events that led to Glynn’s injury.
In addition, although the unlit dock may have been one of several causes of Glynn’s injuries, we are satisfied it was not a substantial cause. Glynn injured his back while uprighting the rack. We believe that is beyond the scope of protection owed by Schwegmann.
Finally, there exists a plethora of Louisiana cases analyzing cause in fact issues which we could reference, however the common thread of each is the particular circumstances of the case. It serves no purpose to quote each when, in the final determination we must refer to the facts of the instant case and satisfy our own minds that the ambit of risk is or is not within the reasonable scope of protection afforded by a defendant’s duty. In this case we conclude it is not. We therefore vacate our original holding and reverse the trial court judgment. There is judgment in favor of Schwegmann dismissing this lawsuit.
REVERSED AND RENDERED.

. Dr. Mímeles’ deposition was missing from the record at the time of our original holding. It has since been located.